THE GREEN BAY LUMBER COMPANY, Appellant, v. A. SMUTNEY, *et al.*

**Evidence.** A decree for the price of material furnished for the erection of a building will be modified on appeal when it appears that it was based upon erroneous estimates of witnesses.

*Appeal from Crawford District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

FRIDAY, MAY 17, 1895.

Action in equity to recover for labor and materials furnished for the erection of buildings on two lots in the town of Vail, and to establish a mechanic's lien for the amount due. There was a hearing on the merits, and a decree in favor of the plaintiff, as prayed, for the sum of one hundred and thirty-one dollars and sixty-four cents and costs. The plaintiff appeals.—*Modified.*

*D. M. Reynolds* and *C. C. & C. L. Nourse* for appellant.

No appearance for appellee.

Robinson, J.—About the first of September, 1892, the plaintiff entered into a verbal agreement with the defendant A. Smutney for the erection of a double one-story brick store building and a coal house, on two lots owned by him in the town of Vail. All labor and materials required were to be furnished by the plaintiff, and in payment it was to receive a reasonable price for what it should furnish, the amount not being agreed upon. The buildings were erected according to the agreement, the plaintiff furnishing whatever was required for their construction. Payments on the contract to the amount of two thousand and twenty-one dollars and fifty cents have been made by Smutney. The plaintiff claims a balance due of seven hundred and eighty-eight dollars and forty-five cents. Smutney claims to have paid the full amount due under the contract, and ninety-six dollars and fifty cents in addition, and he demands judgment for that amount. The district court found that the plaintiff was entitled to recover one hundred and twenty dollars, with interest thereon from the tenth day of November, 1892.

The only question we are required to determine is the amount which the plaintiff is entitled to recover. The books of the plaintiff show charges against Smutney on account of the buildings to the amount of two thousand eight hundred and nine dollars and ninety-five cents; and R. E. Grayson, the agent of the plaintiff, who made the contract in its behalf, and superintended its performance, testifies that the charges are correct. It is shown that at least one thousand one hundred and six dollars and seventy-five cents of the total amount

was for labor and for materials in which the plaintiff did not usually deal. Four witnesses for the plaintiff examined the buildings, and each made a separate estimate of their value when completed. The estimates thus made were two thousand two hundred and forty-three dollars, two thousand two hundred and forty dollars, two thousand two hundred dollars, and two thousand one hundred and forty-one dollars and fifty cents. The district court appears to have accepted the last one as correct. It is clearly shown, however, that the estimates were not in all respects accurate. A mistake was made in the foundation of the building, an allowance for but fifteen perches of stone having been made, when there were twenty-nine in all, making a difference of seventy-seven dollars in that item. The estimates included plastering with lime mortar, for which but one hundred and nineteen dollars and eighty-eight cents were allowed. The mortar used was in fact made with silicon, and we are satisfied that the reasonable value of the plastering was much greater than that allowed in the estimate in question. The books of the plaintiff and the testimony of witnesses show that the value of laths and silicon used, and the reasonable sum paid the mason, amounted to not less than one hundred and eighty-four dollars and twenty-five cents, and that there is an error in the estimates for Smutney of sixty-four dollars and thirty-seven cents. The hardware was estimated for the defendant at forty dollars, while the value of that actually used was seventy-four dollars and thirty cents. His estimates were for thirty and one-half squares of asbestos roofing, while the amount actually furnished was thirty-six squares, costing twenty-four dollars and seventy-five cents more than was allowed by the estimates. The allowance for carpenter work and material for the coal shed was forty-five dollars, and for carpenter work,

in addition, one hundred and fifty dollars. As the plaintiff in argument allows both sums as for carpenter work, they will be so treated. It actually paid for carpenter work two hundred and eighty dollars, and the evidence shows that the sum paid was reasonable. The errors against the plaintiff contained in the estimates of the witnesses for the defendant which we have shown amount to two hundred and eighty-five dollars and forty-two cents. The plaintiff claims other errors, but, although it has shown some payments in excess of the amounts allowed, we think it has failed to show that they were for prices which were reasonable. We are satisfied that some of the prices paid were larger than should be allowed.

There is irreconcilable conflict in the evidence, and it cannot be said to establish beyond the probability of error the exact sum to which the plaintiff is entitled. We are satisfied, however, that it is not less than five hundred and six dollars and ninety-two cents, with interest thereon at six per cent. per annum from the tenth day of November, 1892, or for three hundred and eighty-six dollars and ninety-two cents, besides interest, more than the amount allowed by the district court. A decree in favor of the plaintiff for five hundred and six dollars and ninety-two cents, with interest as stated, and for the foreclosure of the mechanic's lien, will be rendered in this court, or, at the option of the plaintiff, the cause will be remanded for such a decree in the district court.—*Modified and affirmed.*